UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| TRINA BIANCO, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | CIVIL NO. 3:14cv98 |
|  | ) |  |
| CAROLYN W. COLVIN, Acting | ) |  |
| Commissioner of Social Security, | ) |  |
|  | ) |  |
| Defendant. | ) |  |

OPINION AND ORDER

This matter is before the court on a "Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act", filed by the plaintiff, Trina Bianco, on March 30, 2015. The defendant, Carolyn W. Colvin, Acting Commissioner of Social Security, filed her response on April 13, 2015, to which the plaintiff replied on April 27, 2015.

For the following reasons, the motion will be granted.

Discussion

In her motion for attorney fees pursuant to the Equal Access to Justice Act ("EAJA"), plaintiff claims that she is entitled to receive attorney fees because she is the prevailing party in this action under *Shalala v. Schaefer*, 509 U.S. 292, 302-303 (1993); is an individual whose net worth did not exceed two million dollars at the time the action was filed as is demonstrated by plaintiff's affidavit; and the position of the United States in this litigation was not substantially justified. The burden of proof on the issue of substantial justification is on the government. In the present case, this Court found that the ALJ failed to thoroughly consider evidence regarding carpal tunnel syndrome. The Court also ordered remand "for further review of Dr. Lochner's opinion." Plaintiff asserts that there are no special circumstances in this case that make an award

under the EAJA unjust. This motion is supported by an affidavit of plaintiff's attorney (Exhibit A), a log of hours performed in this case (Exhibit B), a table of yearly Producer Price Index ("PPI") increases (Exhibit C), a table of yearly Consumer Price Index ("CPI") increases (Exhibit D), a biography of plaintiff's attorney (Exhibit E), an affidavit from plaintiff's attorney's law firm's controller regarding the effects of inflation (Exhibit F), and plaintiff's assignment of her EAJA interest to her attorney (Exhibit G). Plaintiff argues that, taken together, this data supports the requested enhanced hourly rate by demonstrating that inflation has increased the cost of providing legal services to those with claims against the government.

According to the affidavit of Attorney Timothy E. Burns, his regular non-contingent hourly rate is $250.00. Burns further states that in 2013 he spent 1.2 hours on this case, and in 2014, he spent 34.3 hours on this case. Further, non-attorney staff spent 1.9 hours of work on the case in 2014. Burns has also informed the court that he spent an additional 6.8 hours responding to the Commissioner's opposition to this motion. Burns requests an hourly rate in accordance with the applicable statute adjusted due to the increase in cost of providing legal services and prevailing market rates. For civil actions commenced on and after March 29, 1996, $125 per hour is the EAJA's statutory rate. 28 U.S.C. § 2412(d)(2)(A). Burns avers that the EAJA rate must be supplemented due to the more current costs and current rates charged by attorneys in the area. Burns is seeking an hourly rate of $183.13 for work performed in 2013, and an hourly rate of $185.62 for work performed in 2014 and 2015. Further, Burns is seeking $100.00 per hour for non-attorney time spent on the case. Burns is thus seeking a total of $8038.75 as EAJA fees.

The EAJA provides that a prevailing party in litigation against the United States Government may recoup an award of attorney fees and other expenses if, among other

conditions, the position of the Government was not "substantially justified." 28 U.S.C. § 2412(d)(1)(A); *Conrad v. Barnhart*, 434 F.3d 987, 989 (7th Cir. 2006). Clarifying the EAJA standard, the Supreme Court held that a position is substantially justified when it is "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, 565–66 (1988). The Supreme Court further noted that "a position can be justified even though it is not correct, and we believe it can be substantially (i.e., for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Id.* at 566 n.2. The standard is considered satisfied if a "genuine dispute" exists. *Id.* at 565.

By including the substantial justification standard in the EAJA, Congress made clear that it did not intend that prevailing parties would automatically recover attorney fees. *Potdar v. Holder*, 585 F.3d 317, 319 (7th Cir. 2009) ("The 'EAJA is not an automatic fee-shifting statute in favor of litigants who prevail against the government.'") (quoting *Zapon v. U.S. Dep't of Justice*, 53 F.3d 283, 284 (9th Cir. 1995)). Accordingly, a court's ruling on the merits of a case is not determinative as to whether the Government's position was substantially justified. *Pierce*, 487 U.S. at 569; *Kolman v. Shalala*, 39 F.3d 173, 177 (7th Cir. 1994).

The substantial justification standard is distinct from the substantial evidence standard utilized in reviewing the merits of an ALJ's disability determination. *Cummings v. Sullivan*, 950 F.2d 492, 498–99 (7th Cir. 1991). In determining whether the Government's position was substantially justified, the legal and factual circumstances of the case must be reexamined "from a different perspective than that used at any other stage of the proceedings." *U.S. v. Hallmark Constr. Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000).

In response to the motion for fees, the Commissioner argues that although this Court

3

found issues for remand (carpal tunnel, Dr. Lochner's opinion), this Court also found that other issues (RFC, credibility) were sufficiently supported did not need to be reviewed on remand. The Commissioner points out that this Court's EAJA analysis is not limited to the issues upon which a particular party prevailed. *See Comm'r, INS, v. Jean*, 496 U.S. 154, 161–62 (1990) ("While the parties' postures on individual matters may be more or less justified, the EAJA—like other fee-shifting statutes—favors treating a case as an inclusive whole, rather than as atomized line-items."). Thus, this Court is tasked with assessing whether the Commissioner's position was substantially justified "as a whole." *Gautama v. Holder*, 606 F.3d 344, 349–50 (7th Cir. 2010).

The Seventh Circuit has set forth a three-part standard for reviewing EAJA petitions. *United States v. Hallmark Construction Co.*, 200 F.3d 1076, 1080 (7th Cir. 2000). It requires the government to show that its position was grounded in: (1) a reasonable basis in truth for the facts alleged; (2) a reasonable basis in law for the theory propounded; and (3) a reasonable connection between the facts alleged and the legal theory propounded. *Golembiewski*, 382 F.3d at 724. The Commissioner contends that her position in this case was substantially justified because "this case turned primarily on the adequacy of the ALJ's articulation in his decision." (Dkt. 35 at 4) The Commissioner argues that this Court only remanded for consideration of the evidence relating to the plaintiff's carpal tunnel syndrome, and the ALJ's analysis of such evidence was not "necessarily erroneous." *Id.*

The plaintiff, however, contends that the Commissioner is mischaracterizing the controlling standard by suggesting articulation errors preclude a finding that the Commissioner's decision was not substantially justified. In *Stewart v. Astrue*, 561 F.3d 679 (7th Cir. 2009), for example, the Seventh Circuit overturned a denial of EAJA fees, emphasizing that the ALJ

completely failed to satisfy his duty of articulation when assessing the claimant's residual functional capacity and formulating hypothetical questions for the vocational witness. 561 F.3d at 684. The court wrote that longstanding precedent requires that "the ALJ himself must connect the evidence to the conclusion through an 'accurate and logical bridge.'" *Id.* (citations omitted). Noting that the ALJ invoked the claimant's limited daily activities, it added:

> The Commissioner asserts the ALJ's discussion of evidence after the physicians' last review was reasonable, even without specifying what evidence factored into his determination. This position is contrary to our repeated holding that a denial of benefits cannot be sustained where an ALJ failed to articulate the bases of his assessment of a claimant's impairment.

*Id.* at 684 (citations omitted). Thus, when an ALJ wholly fails to discuss how any of the evidence supports her conclusions, the Commissioner's position that such findings are supported by the legal standards set forth in Seventh Circuit precedent may not be substantially justified. *Id.* Likewise, the Commissioner's defense of the ALJ's articulation regarding Plaintiff's alleged manipulative limitations does not exhibit "a reasonable connection between the facts alleged and the legal theory propounded" under existing precedent. *Golembiewski*, 382 F.3d at 724. The ALJ disregarded the Plaintiff's allegations of profound weakness in her upper extremities solely on the grounds that "very recent records from Dr. Fielder's office indicated symptoms consistent with [CTS], his office provided no clinical diagnostic evidence to support his impression (i.e. there were no nerve condition studies performed)." (A.R. at 26) This case is more comparable to *Stewart*, where the ALJ "failed to specify" which evidence supported his conclusion and then made a logical error by failing to "explain[] any inconsistencies between [the claimant's] activities of daily living and the medical evidence." 561 F.3d at 684.

In the present case, the ALJ acknowledged some evidence contradicting his conclusion by

5

referencing "symptoms consistent with [CTS]," but ignored *all* of the clinical evidence corroborating the claimant's alleged limitations due to those symptoms and cited the absence of objective, diagnostic evidence which he made no effort whatsoever to discover for the then-unrepresented Plaintiff. As a result, this Court found error because "it is nevertheless clear that *all of the medical evidence* regarding Plaintiff's carpal tunnel syndrome was not considered by the ALJ." (emphasis added) (Dkt. 32 at 19) The Commissioner's position before this Court that the ALJ "reasonably assessed the evidence that existed in the record related to CTS" because "[a]t the time of the ALJ's decision, the record was devoid of any such 'signs' that confirmed a diagnosis of CTS," (Dkt. 25 at 6, 9), simply did not exhibit "a reasonable basis in truth for the facts alleged." *Golembiewski*, 382 F.3d at 724. And because it is well-settled that an ALJ cannot simply ignore evidence supporting a claim to statutory disability benefits, the Commissioner's litigation position on this issue also did not exhibit "a reasonable connection between the facts alleged and the legal theory propounded." *Kasarsky v. Barnhart*, 335 F.3d 539, 543 (7th Cir. 2002); *Arnett v. Astrue*, 676 F.3d 586, 592-593 (7th Cir. 2012); *Denton v. Astrue*, 596 F.3d 419, 425 (7th Cir. 2010); *Golembiewski*, 382 F.3d at 724.

Moreover, "[t]he ALJ's error was not merely a failure to articulate [his] thinking adequately." *Suide v. Astrue*, 453 Fed.Appx. 646, 649 (7th Cir. 2011). The ALJ also interpreted objective evidence contained in medical records without the assistance of a physician and improperly shielded his eyes from corroborative clinical and diagnostic evidence which accompanied the plaintiff's recently initiated treatment for CTS and newfound medical insurance. The law in this circuit is clear that "[w]hen an ALJ interprets records without the assistance or opinion of a medical expert, he must justify such an action and sufficiently

articulate his assessment of the evidence to assure a reviewing court that the ALJ considered the important evidence and enable the Court to trace the path of the ALJ's reasoning." *Rohan v. Chater*, 98 F. 3d 966, 970-971 (7th Cir. 1996)("ALJ's must not succumb to the temptation to play doctor and make their own independent medical findings"); see also, *Williams v. Massanari*, 171 F Supp. 2d 829, 833 (N.D. Ill. 2001). It is also well-settled that the ALJ was required to "scrupulously and conscientiously" probe the unrepresented claimant for possible disabilities and uncover all of the relevant evidence. *Binion v Shalala*, F.3d 243 at 245 (quoting *Smith v. Sec'y of Health, Education, & Welfare*, 587 F.2d 857, 860 (7th Cir.1978)). This case is easily distinguishable from *Williams v. Barnhart*, which the Commissioner cites, because in that case "whether the ALJ failed to fully and fairly develop the record was certainly an arguable point." 35 F. App'x 267, 271 (7th Cir. 2002). In the present case, however, the ALJ's unfavorable decision contains a severe articulation error which is grounded in an improper effort to play doctor and a complete unwillingness to develop the record with regards to the unrepresented claimant's alleged manipulative limitations. Accordingly, plaintiff's motion for EAJA fees will be granted.

The Commissioner has asked that the Court not accept the agreement between plaintiff and her attorney which provides that plaintiff assigns any right or interest she may have in the award of an EAJA fee to her attorney. The Commissioner states that any award would be subject to a federal administrative offset in the event that plaintiff has outstanding federal debts. The Commissioner does not disclose whether plaintiff does in fact have any outstanding federal debts. Nor does the Commissioner assert that the government would be unable to offset the outstanding debt even if the EAJA fees were paid to plaintiff's attorney. Thus, in the absence of any argument or authority, this Court declines to interfere with the plaintiff's agreement with her

attorney.

## Conclusion

For all of the foregoing reasons, the plaintiff's motion for EAJA fees is hereby GRANTED.

Entered: May 29, 2015.

                                                                                   s/ William C. Lee
                                                                                   William C. Lee, Judge
                                                                                   United States District Court