UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| TRINA M. BIANCO, | ) |
| :--- | :--- |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL NO. 3:14cv98 |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

This matter is before the court on a "Motion for Award of Attorneys Fees under 42 U.S.C. § 406(b), filed by the Plaintiff on February 9, 2016. The defendant responded to the motion on February 16, 2016, indicating that the request does not appear to represent a windfall to Plaintiff's attorney.

For the following reasons, the motion will be granted.

Discussion

Plaintiff filed a claim for Disability Widow's Benefits (DWB-Title II) and Supplemental Security Income (SSI-Title XVI) on January 29, 2009. Plaintiff also filed a claim for Disability Insurance Benefits (DIB-Title II) on February 10, 2009. Plaintiff's claim was denied on August 20, 2009. (R. at 170-180) Plaintiff filed a request for reconsideration, but was denied again on December 9, 2009. (R. at 185-193) Plaintiff requested an administrative hearing on January 28, 2010. (R. at 194-196) On December 3, 2010, Plaintiff appeared in Valparaiso, Indiana for a hearing before Administrative Law Judge (ALJ) Edward P. Studzinski of the Valparaiso, Indiana Office of Disability Adjudication and Review (ODAR). (R. at 90-135) On December 23, 2010, Judge Studzinski issued an unfavorable determination. (R. at 142-161) Plaintiff filed a

request for review with the Appeals Council, and the Appeals Council granted Plaintiff's request for review and issued an order to remand the case for a new hearing on December 19, 2011. (R. at 162-167) On June 12, 2012, Plaintiff appeared in Valparaiso, Indiana for the remanded hearing before ALJ Edward P. Studzinski of the Valparaiso, Indiana ODAR. (R. at 48-89) On August 16, 2012, Judge Studzinski issued an unfavorable determination. (R. at 20-47)

Plaintiff retained Attorney Burns for representation October 16, 2012. Plaintiff agreed that "if any of my claim(s) progress beyond the Office of Hearing and Appeals administrative hearing level for review . . . and then is favorably decided that my attorney may elect to use the fee petition process to petition for up to 25% of all past due benefits without limitation." *Id*. She also agreed to "pay the costs of development of my claim(s), including but not limited to [ ] costs for medical records/reports that may be requested by my attorney at his/her discretion." *Id.* Plaintiff then filed a request for review with the Appeals Council, but the Appeals Council denied Plaintiff's request for review on November 15, 2013. (R. at 1-7)

Plaintiff then timely filed this civil action. (Dkt. 1) On December 26, 2014, the undersigned issued an order to reverse the Commissioner's unfavorable determination and remand the case for further consideration under sentence four of 42 U.S.C. § 405(g). (Dkt. 32, 33)

On May 29, 2014, Plaintiff's attorney obtained an order for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a)-(d), from this Court in the amount of $8,038.75. (Dkt. 33) Plaintiff's attorney did not receive this payment because it was applied to a federal debt owed by Plaintiff. (Plaintiff's Exhibit 2F)

After her claim was reconsidered by the agency, Plaintiff's claims for disability benefits

were approved on October 27, 2015. (Plaintiff's Exhibit 2A) Plaintiff has been awarded past-due DIB-Title II benefits totaling $50,219. (Plaintiff's Exhibit 2D at 4) Plaintiff has also been awarded past-due DWB-Title II benefits totaling $66,882. (Plaintiff's Exhibit 2C at 3).

The Social Security Act's provisions governing fees for representation are found in 42 U.S.C. § 406. *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002) (reviewing history of attorney fees under the Social Security Act). Section 406(a) governs fees for representing claimants in the administrative process, so a federal court does not determine whether to award any fee for representation under section 406(a). Section 406(b) governs attorney fees for successful litigation for benefits under Title II of the Social Security Act such as Disability Insurance Benefits, 42 U.S.C. §§ 416(I), 423, and, pursuant to § 302 of Public Law 108-203, for litigation for benefits under Title XVI of the Social Security Act or Supplemental Security Income, 42 U.S.C. §§ 1382, 1382a. 42 U.S.C. § 406(b).

Section 406(b)(1) provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits . . . .

42 U.S.C. § 406(b)(1).

The court must review all fee requests under § 406(b). Congress intended such review not to override the claimant and counsel's fee arrangement but rather to act as an "independent check" to ensure that the arrangement yielded a reasonable result in the particular case. *Gisbrecht*, 535 U.S. at 807. "Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due

3

benefits." *Id*. Within the 25 percent boundary, the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered. *Id*. In making this determination, the court may consider the character of the representation and the results obtained, reducing an award if the attorney is responsible for delay in the proceeding that had the effect of inflating past-due benefits, or if the fee is so large in comparison to the amount of time counsel spent on the case that the fee would constitute a windfall to the attorney. *Id*. at 808.

Plaintiff's attorney contends that the requested fee of $29,275.25 is reasonable. This amount reflects a valid contract between Plaintiff and his counsel, the substantial risk associated with this litigation and potential recovery, the results obtained for the Plaintiff, the time counsel expended on the matter and the required refund of the fee award previously obtained under EAJA.

Plaintiff contracted with Plaintiff's attorney to pay 25 percent of past due benefits without limitation if the undersigned represented her before a federal court and obtained a favorable outcome. (Plaintiff's Exhibit 2B) After this litigation, Plaintiff received as past-due DWB-Title II benefits of $66,882. (Plaintiff's Exhibit 2C at 3) Plaintiff also received past-due DIB-Title II benefits totaling $50,219. (Plaintiff's Exhibit 2D at 4) Plaintiff's attorney therefore requests that the Court approve an overall award of $29,275.25—or 25 percent of the Plaintiff's past-due benefits. This award is within the statutory maximum of 25 percent of past due benefits and in accordance with what the Plaintiff contracted to pay her attorney.

Plaintiff's counsel contends that the requested fee is reasonable because the requested fee reflects the contingent nature of the recovery. Civil actions for Social Security claimants possess a substantial risk of loss. Between 2005 and 2010, federal district courts affirmed approximately

half of the appealed administrate decisions denying such claimants benefits. *See* Aspects of Disability Decision Making, Social Security Advisory Board, July 2012, Chart 65. It was also uncertain that Plaintiff's claim would be approved following a federal court remand. *Id*. at Chart 51. Because Plaintiff's attorney may only collect a 42 U.S.C. § 406(b) fee from those who ultimately receive benefits, the risk associated with engaging in such litigation is significant.

Plaintiff's counsel further argues that the requested fee is reasonable because Plaintiff ultimately recovered approximately $117,101 in past-due benefits. Counsel's requested fee—$29,275.25—is considerably less than a typical contingent fee recovery. *See* Herbert M. Kritzer, *The Wages of Risk: The Returns of Contingency Fee Legal Practice*, 47 DePaul L. Rev. 267, 285 (1998); cf. *Continental Illinois Securities Litigation*, 962 F.2d 566, 572 (7th Cir. 1992) (Posner, J.) ("We know that in personal injury suits the usual range for contingent fees are between 33 and 50 percent"). Moreover, while Plaintiff's attorney is seeking a fee solely from Plaintiff's past-due benefits, Plaintiff will receive much more due to her attorney's efforts before this Court. She will receive ongoing benefits until she dies, reaches retirement age, or becomes no longer disabled. She will also be entitled to the value of health care benefits which accompany an award of benefits under Title II.

The requested fee also reflects the time and attention which Plaintiff's attorney devoted to Plaintiff's case before this Court. Plaintiff's attorney spent a total of 35.5 hours on the civil litigation. (Plaintiff's Exhibit 2E). The requested fee— $29,275.25—results in a hypothetical hourly fee of $824.65. Plaintiff's attorney points out that such compensation in a contingency fee case is not "large in comparison to the amount of time counsel spent on the case." *Gisbrecht*, 35 U.S. at 808; *Everroad v. Astrue*, No. 4:06-cv-100-DFH-WGH, 2009 WL 363646, *2, 4 (S.D. Ind.

5

Feb. 11, 2009) (approving hourly rate of approximately $800); *Anzalone v. Colvin*, No. 11-cv-552, 2013 U.S. Dist. LEXIS 123793 at *5 (E.D. Wis. August 29, 2013)(approving hourly rate of $579); *Stemper v. Astrue*, No. 04-cv-838, 2008 U.S. Dist. LEXIS 54951 at *1 (W.D. Wis. July 14, 2008) (approving hourly rate of $ 666); *Duke v. Astrue*, No. 1:07-cv-00118, 2010 WL 3522572, *3, 4 (N.D. Ind. Aug. 30, 2010) (approving award equivalent to an hourly rate of $549.14); *Schimpf v. Astrue*, No. 1:06-CV-00018, 2008 WL 4614658, *3 (N.D. Ind. Oct. 16, 2008) (approving award equivalent to hourly rate of $583.50).

In the present case, as noted above, Plaintiff's attorney obtained an order for an award of attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(a)-(d), from this Court in the amount of $8,038.75. (Dkt. 37) This amount was not received by counsel because it was applied to a federal debt owed by Plaintiff. (Plaintiff's Exhibit 2F). Plaintiff's attorney has followed the terms of his agreement and the EAJA statute. He has reasonably attempted to reduce the portion of his fee which Plaintiff will pay out of her past-due benefits. Moreover, Plaintiff's attorney expended additional time representing the Plaintiff before the Social Security Administration. If awarded the full amount requested in this motion, Plaintiff's counsel states that he does not intend to request a fee for work performed before the Social Security Administration under 42 U.S.C. § 406(a).

In light of all the foregoing, this court agrees with Plaintiff and the Defendant that the requested fee will not represent a windfall to Plaintiff's attorney and is a reasonable fee award. Accordingly, the motion for fees will be granted.

## Conclusion

On the basis of the foregoing, Plaintiff's motion for award of attorney fees [DE39] is

6

hereby GRANTED.

Entered: April 4, 2016.

                                                s/ William C. Lee
                                                William C. Lee, Judge
                                                United States District Court